

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 773 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| JOSHUA HINES | ) | |

APR 18 2008
FILED
APR 18 2008
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

APR 18 2008
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

### PLEA DECLARATION

The defendant, JOSHUA HINES, after consulting with his attorney, HELEN J. KIM, of the FEDERAL DEFENDER PROGRAM, hereby declares the following:

1. JOSHUA HINES has been charged by indictment with two counts of knowing and intentional distribution of a controlled substance, namely, 50 grams or more of mixtures containing cocaine base, a Schedule II Narcotic Drug, in violation of Title 21 U.S.C. § 841(a)(1) on May 4, 2007, and knowing and intentional possession with intent to distribute in excess of five grams of a mixture containing cocaine base in violation of Title 21 U.S.C. § 841(a)(1) on November 28, 2007.

2. Defendant Hines has read the charges against him, and those charges have been fully explained to him by his attorney.

3. He understands the nature of the crime and the elements of the crimes with which he has been charged. Specifically, Mr. Hines understands that under 21 U.S.C. § 841(a)(1), the government must prove that following:

    a.    That he distributed 50 grams or more of mixtures containing cocaine base on the date of May 7, 2007, and he possessed with intent to distribute five grams or more of mixtures containing cocaine base on November 28, 2007;

    b.    he did so knowingly or intentionally; and

      c.      he knew the substance was a controlled substance.

4. Mr. Hines is seeking to enter a voluntary plea of guilty to the counts in the indictment and he is pleading guilty because he is, in fact, guilty of the charges.

5. In pleading guilty, Mr. Hines acknowledges the following facts, which he believes to be the sufficient for purposes of providing the Court with a specific, factual basis for his plea:

### *Facts Being Admitted by Defendant Hines*

On May 4, 2007, in Aurora, in Kane County, in the Northern District of Illinois, Eastern Division, JOSHUA HINES spoke with an individual who, unbeknownst to him, was working in cooperation with the government. Defendant Hines spoke with this individual, referenced as "CS" in agent reports, and they agreed that defendant Hines would sell the CS two and a half ounces of crack cocaine in exchange for $2000. At approximately 2:05 p.m., defendant Hines did meet with the CS and he hand-delivered the CS a plastic bag with a mixture containing cocaine base. He received $2,000 in U.S. currency from the CS in exchange for the controlled substance he delivered. On May 18, 2007, Illinois State Police laboratory testing indicated that the substance delivered to the CS by defendant Hines was a net weight of 64.4 grams of a mixture containing some amount of cocaine base.

On November 28, 2007, defendant Hines was interviewed at the Aurora Police station and he executed a consent to search form allowing Aurora officers to enter his apartment at 1096 Village Center, Apartment 4, in Aurora, Illinois. When the Aurora officers went into the apartment with defendant Hines' keys that he provided them, they did recover a bag with suspect cocaine in it during the search. On December 17, 2007, Illinois State Police laboratory testing indicated that the substance retrieved from defendant Hines' apartment with his consent was a

net weight of 9.1 grams of a mixture containing some amount of cocaine base.

6. Mr. Hines understands that the charge to which he intends to plead guilty carries a minimum penalty of 10 years imprisonment, a maximum penalty of life, a term of supervised release of at least five years, and a maximum fine of $4,000, 000.

7. He also understands that under Title 18 U.S.C. § 3013, when the judgment of conviction is entered, he will receive a special assessment of $100 on each count to which he has pled guilty.

8. Mr. Hines understands that by pleading guilty he is surrendering certain rights, including the following:

   a. If he persisted in a plea of "not guilty" to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury, but if he wanted a trial conducted by the judge without a jury, he, the government, and the judge must all agree that the trial be conducted without a jury.

   b. If the trial was by jury, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be, by removing prospective jurors for cause if bias or other reasons to disqualify the individual were shown, or without cause, by exercising peremptory challenges.

   c. The jury would have to agree unanimously in its verdict of guilty or not guilty.

   d. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him, unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

   e. If the trial was held by the judge without a jury, the judge would find the facts, and determine only after hearing all the evidence and considering each count separately, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

    f.    At a trial, whether by a jury or a judge, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses, and his attorney would be able to cross-examine them.

    g.    The defendant could also present witnesses and other evidence on his own behalf. He would have no obligation to do so, however, because he is presumed innocent and need not prove his innocence.

    h.    If witnesses for a defendant did not appear voluntarily, the defendant could require their attendance through the subpoena power of the court.

    i.    At a trial, the defendant would have the privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. But if he desired to testify on his own behalf, he would be permitted to do so.

9. Mr. Hines understands that by pleading guilty, he is giving up all the rights set forth in paragraph (8).

10. He also understands that after *United States v. Booker* (S. Ct. 2005), the Federal Sentencing Guidelines Manual written by the United States Sentencing Commission, is advisory and no longer mandatory, but the Court must consider the Guidelines in determining his sentence. Mr. Hines has discussed the Sentencing Guidelines with his attorney, and he understands that his attorney may argue for or against the application of certain sections that will affect his calculations, but the Court makes the ultimate decisions about his sentencing calculations, advisory guideline range, and ultimate sentence.

11. Mr. Hines understands that while his criminal history will be determined according to his criminal history points under Chapter Four of the Guidelines, and his criminal history combined with his offense level will affect his ultimate advisory Guidelines' range. The mandatory minimum term of 120 months, however, is provided for under 21 U.S.C. § 841(b) for

any amount of mixture containing cocaine base in excess of 50 grams.

 12. For purposes of giving the Court some notice of the possible Guideline issues in his case, however, he understands that:

  a. Under the current version of U.S.S.G. § 2D1.1(a)(3) and (c)(4), his base offense level is likely 30 as the combined amount of mixture containing cocaine base was 73.5; and

  b. under § 3E1.1, he can receive up to a 3 level decrease for pleading guilty and showing acceptance of responsibility in a timely manner.

 13. He further understands that the United States Probation Office will be assigned to conduct its own independent investigation and make independent recommendations to the Court about the Guidelines, his sentencing range and sentence.

 14. He understands that the Probation Department, the United States Attorney's Office, and his attorney will each have the opportunity to make arguments to the Court about his conduct in the charges against him and any other facts of aggravation or mitigation that may be relevant to his sentence.

 15. Mr. Hines has discussed this Plea Declaration, or blind plea, with his attorney, and he agrees that no threats, promises or representations have been made to him in order for him to plead guilty. Rather, he is pleading guilty as a voluntarily act of his own, free will because he is, in fact, guilty of the counts charged against him.

Signed this 18th day of April, 2008

*Joshua Hines*
JOSHUA HINES
Defendant

*Helen J. Kim*
HELEN J. KIM
Attorney for Joshua Hines