IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 773-1 |
| v. | ) | |
| | ) | Honorable Charles R. Norgle, Sr. |
| JOSHUA HINES | ) | |

## NOTICE OF FILING

To:   **JULIE RUDER**                **SHEILA LAVIN**
Assistant U.S. Attorney           U.S. Probation Officer
219 S. Dearborn, 5th Fl           55 E. Monroe, Ste 1500
Chicago, IL 60604                   Chicago, IL 60603

Please take notice that on this 19th day of August, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

**DEFENDANT HINES' REPLY TO THE U.S. RESPONSE**

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By:      s/   Helen J. Kim

55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8344

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 773-1 |
| v. | ) | |
| | ) | Honorable Charles R. Norgle, Sr. |
| JOSHUA HINES | ) | |

**DEFENDANT HINES' REPLY TO THE U.S. RESPONSE**

Defendant JOSHUA HINES, by the Federal Defender Program and its attorney, HELEN J. KIM, respectfully files this reply to the government's Response filed on August 18, 2008:

**I.  Changes to the Expected Addendum to the PSR**

On August 19, 2008, after the parties did not receive any addendum to the PSR, the parties learned that the original PSR assigning Mr. Hines a base offense level of 36 will continue to be the position of the Probation Department.  *See* PSR at 3.  That is, the Probation Department continues to recommend that Mr. Hines be held accountable to his total admitted-by-plea amount of 73.5 grams of cocaine base, along with an additional 54 ounces, or 1530.9 grams of *cocaine base,* for the grand total of 1,604.4 grams of cocaine base (1.60 kilograms) under relevant conduct principles.

Despite this understanding and the Government's Response filed on August 18, 2008, we continue to strenuously assert that Mr. Hines, even with any alleged admissions for other criminal activity and dealings, cannot and should not be held accountable to such major

1

quantities of cocaine base, in particular. The reason is because not all offenses are created equal for purposes of relevant conduct.

Relevant conduct as it relates to drug cases is incorporated in U.S.S.G. § 2D1.1, and as stated in our previous filing, under U.S.S.G. § 2D.1.1, Commentary Note 10 Subsections (B), (D) and (E), any combination of powder cocaine and cocaine base results in the need for the Court to convert into marijuana equivalents. *See* U.S.S.G. § 2D1.1, n. 10.

Here, the biggest questions left for the Court's decision seems to be: (1) whether the Court should hold Mr. Hines accountable to some amount of cocaine under relevant conduct principles, and (2) whether Mr. Hines should be held accountable to pure cocaine base or powder cocaine, mixed in. This makes a tremendous difference because one finding would result in a straight use of the offense level table in 2D1.1(c) compared to any powder involvement results in the need to do some marijuana equivalent-conversion. The government and PSR suggest an additional 54 ounces, or 1530.9 grams of cocaine base should be used.

In the post-arrest statement typed by Agent Anton, notably unaccompanied by any audio recording or handwritten statement by Mr. Hines relevant to this particular argument, the report reads:

> "HINES claimed he would tell 'Omar how much cocaine he wanted to purchase and 'Omar' would get it within a couple of hours then deliver it to HINES at his residence. HINES said he would pay $2,800.00-$3,000.00 for 4 ½ ounces of cocaine and $5,800.00 to $6,000.00 for 9 ounces of cocaine. HINES said he

2

> usually paid for all of the cocaine up front form his source.[1] HINES estimated that he has been buying cocaine from 'Omar' for about the past six months to a years on the average of two times per month. *S/A Anton then asked who was cooking the cocaine into crack cocaine that HINES was selling. HINES stated that he cooked the cocaine into crack cocaine himself.* HINES said he also knew several other cocaine traffickers named 'Jimbo,' 'Jesus,' and 'Caesar.' HINES thought if he was able to cooperate, he might be able to purchase cocaine from these individuals as well."

*See* U.S. Version, Ex. 3, paragraph 5 at page 2 (emphasis added).

As we stated in our original objection, there is simply no way to turn *this* statement into a straight conversion of crack cocaine. *Even using a preponderance of the evidence standard, however, the post-arrest statement typed by Agent Anton leaves the amount of cocaine base unstated.*[2]

Only by wrongfully assuming the powder was always turned into crack, could the Court do a straight addition to the numbers under 2D1.1(c). But even the ATF Agent, government and Probation Department must concede this conjecture is untrue. All three would likely state to this Court that it is highly unlikely that Mr. Hines turned every bit of his acquired cocaine into crack cocaine over the last year.

---

[1] As we noted in a footnote in the previous filing, this is clearly not an "always" situation as the Report states Mr. Hines received a half kilogram of cocaine from Omar for $8,500, but still owed him $2,000. Ex. 3 at ¶ 6.

[2] We, for the record, assert that relevant conduct should be proven beyond a reasonable doubt and not by a preponderance of the evidence, but do not need to argue this orally so long as the record is preserved through this footnote here.

As even the government writes in its Version of the Offense and Agent Anton stated to the Probation Officer, "Individual A estimated purchasing powder *and/or* crack cocaine from the defendant approximately 75 to 100 times, in amounts ranging from an ounce to two and one-quarter ounces." *See* PSR at 2, lines 45-47; U.S. Version at 3, bottom of paragraph C.  Even there, it is clear that some dealings were done with powder instead of crack cocaine.  As there is no reliable amount or number that can be used by this Court to increase Mr. Hines' advisory guideline range, based on evidentiary principles and in the way asserted by the government and the PSR, this Court must resolve the tension in favor of the defendant.

In order to show the Court the true and tremendous difference to Mr. Hines' advisory guidelines this one decision makes, we start with the illustration of what would happen even if the Court were to hold Mr. Hines accountable to the higher figures of 9 ounces every two weeks (or 18 ounces) for a period of 12 months — not 6 — for argument purposes.  Even if Mr. Hines were held accountable to 18 ounces for 12 months = 216 ounces total of powder cocaine, 216 ounces x 28.35 grams = (powder ounces converted to grams) = 6123.6 grams, times 200 grams when converted to marijuana) = 1224720 grams divided by 1000 kgs = 1224.72 kgs of marijuana.  Added to the original 1470 kgs[3], Mr. Hines would STILL be in the offense level 32 range for a total amount of 2694.72 kgs marijuana.[4]

---

[3] The admitted amount of 73.5 grams of cocaine base that Mr. Hines distributed should convert to 1470 kilograms of marijuana under U.S.S.G. § 2D1.1, n.10 (E).  This would be a Level 30 under 2D1.1(c)(5) (which states 50 to 150 grams of cocaine base falls here).

[4] Yet as under subsection (D), any base offense level should be decreased by 2 levels, his ending offense level would be 30.  And with a decrease of 3 under U.S.S.G. § 3E1.1, his adjusted number whould be 27; with the recommended criminal history category III, his advisory range will be 87-108 months.  *See* U.S.S.G. § 2D1.1, n.10(E).

WHEREFORE, in this Reply, we ask this Court, if it is going to hold him accountable to relevant conduct amounts at all, that it hold Mr. Hines accountable to powder cocaine rather than crack cocaine amounts as there is no reliable way to come to the accurate numbers even using a preponderance of the evidence standard.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By:_____s/ Helen J. Kim_____

55 E. Monroe, Suite 2800
Chicago, Illinois 60603
(312) 621-8344

## CERTIFICATE OF SERVICE

The undersigned, Helen J. Kim, an attorney with the Federal Defender Program, hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT HINES' REPLY TO THE U.S. RESPONSE**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on August 19, 2008, to counsel/parties that are non-ECF filers, including:

SHEILA LAVIN
United States Probation
55 E. Monroe Street, 15th Floor
Chicago, Illinois 60603

By:       s/ Helen J. Kim

FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8344